IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TERRY TYLER**                                                                                  **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO.** 3:18cv034-NBB-RP

**TALLAHATCHIE COUNTY SHERIFF'S OFFICE AND
SHERIFF WILLIAM BREWER, JR., IN HIS OFFICIAL
AND INDIVIDUAL CAPACITY**                                      **DEFENDANTS**

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Terry Tyler, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of his rights under Title VII, 42 U.S.C. §1981 through 1983. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

## THE PARTIES

1. Plaintiff, Terry Tyler, is an adult black male resident of Tallahatchie County, Mississippi.

2. Defendant, Tallahatchie County Sheriff's Office, may be served with process by serving Sheriff William Brewer, Jr., at: 10 South Square Street, Charleston, MS 38921.

3. Defendant, Sheriff William Brewer, Jr., acting in his official capacity and his individual capacity, may be served at: 10 South Square Street, Charleston, MS 38921.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction and venue is proper in this court.

5. Plaintiff timely filed a Charge of Discrimination with the EEOC on December 10, 2016, a true and correct copy of which is attached as Exhibit "A." Plaintiff received a Right to Sue from the EEOC on November 20, 2017, a true and correct copy of which is attached as Exhibit "B."

6. Plaintiff timely files this cause of action within the appropriate statute of limitations for claims arising under Title VII and 42 U.S.C. § 1981.

## STATEMENT OF FACTS

7. Defendants hired Plaintiff in October 2015 to work as a Deputy.

8. On November 24, 2016, Plaintiff was contacted by Sheriff William Brewer, Jr., during his day off.

9. Sheriff Brewer was angry about not being personally contacted after his neighbor's property had been stolen several days earlier.

10. Plaintiff had to hand write the report, as the computer systems had been down while he was working on the report. Also, Plaintiff did not have orders to contact the Sheriff directly if any such event occurred, and Plaintiff stated that deputies had 5 to 7 days to file reports.

11. During the conversation between Plaintiff and Sheriff Brewer, the Sheriff cursed and belittled Plaintiff. When the Sheriff continued his verbal insults, Plaintiff interjected and told the Sheriff that he would no longer allow him to speak in such a

manner. Plaintiff also told the Sheriff, "You don't talk to white deputies like that, and you are not going to talk to me like that."

12. When Plaintiff made the comment about how the Sheriff spoke to black deputies differently than he spoke to white deputies, the Sheriff proceeded to tell Plaintiff that he was fired and needed to return his work uniform and equipment.

13. Plaintiff turned in his badge and uniform the following day and also noticed that he had already been taken off of the schedule.

14. Plaintiff's position as Deputy Sheriff was filled by a white male, Mr. Strider.

15. During Plaintiff's employment with Defendants, he had not received pay check stubs and any requests for pay rate information were refused. White deputies are paid more than black deputies, which is why Defendants have denied him and the EEOC the relevant payroll records.

## CAUSES OF ACTION

## COUNT I – VIOLATION OF TITLE VII – RACE DISCRIMINATION

16. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 15 above as if fully incorporated herein.

17. Defendant Tallahatchie County Sheriff's Office and Defendant Sheriff William Brewer, Jr., in his official capacity, violated Title VII by discriminating against Plaintiff based on his race. Plaintiff is African American; thus, he is protected against discrimination on the basis of his race. Plaintiff suffered an adverse employment decision in that he was terminated from employment with Defendants because of his race.

18. Defendants have a practice of paying white deputies more than black deputies.

19. The unlawful actions of the Defendants complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## COUNT II: VIOLATION OF 42 U.S.C. § 1981 THROUGH 1983 – RACE DISCRIMINATION

20. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 19 above as if fully incorporated herein.

21. Defendant Tallahatchie County Sheriff's Office and Defendant Sheriff William Brewer, Jr., in his official and individual capacity, violated 42 U.S.C. § 1981 through 1983 by discriminating against Plaintiff based on his race. Plaintiff is African American; thus, he is protected against discrimination on the basis of his race. Plaintiff suffered an adverse employment decision in that he was terminated from employment with Defendants because of his race.

23. The unlawful actions of the Defendants complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## COUNT III: VIOLATION OF 42 U.S.C. § 1981 THROUGH 1983 – RETALIATION

24. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 23 above as if fully incorporated herein.

25. After Plaintiff complained about how Defendant Sheriff Brewer talked to black deputies compared to white deputies, he was immediately terminated in retaliation for complaining of racial discrimination.

26. Plaintiff has been harmed as a result of this retaliation, and Defendant Tallahatchie County Sheriff's Office and Defendant Sheriff William Brewer, Jr., in his official and individual capacity, are liable to Plaintiff for the same.

27. The acts of Defendants constitute a willful intentional violation of and 42 U.S.C. § 1981 through1983 and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages and reinstatement; or
2. Future wages in lieu of reinstatement;
3. Compensatory damages;
4. Punitive damages;
5. Attorney's fees;
6. Costs and expenses; and
7. Such further relief as is deemed just and proper.

THIS the 12th day of February 2018.

Respectfully submitted,

TERRY TYLER, PLAINTIFF

By: *Louis H. Watson, Jr.*
Louis H. Watson, Jr. (MB# 9053)
Nick Norris (MB# 101574)

Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com.com
Web: www.watsonnorris.com